𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕱𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒𝖘<br>
No. 24-815<br>
Filed: June 24, 2024

|   |
|---|
| SOMONA LOFTON,<br><br>    *Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>    *Defendant*. |

## MEMORANDUM OPINION AND ORDER

**TAPP, Judge.**

Pro se Plaintiff, Somona Lofton ("Ms. Lofton"), seeks $2,120,000 for a litany of claims, including that various government and state agencies engaged in witness tampering and harassment against her, both resulting in her bodily injury. (Compl., ECF No. 1). Further, Ms. Lofton seeks to proceed *in forma pauperis* ("IFP application").[1] (IFP App., ECF No. 7). In the interest of judicial efficiency, the Court grants Ms. Lofton's IFP application; however, it must dismiss her Complaint for lack of subject-matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To proceed, the Court must determine whether it has subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Generally, the Court reads pro se pleadings more liberally than

---

[1] The Court notes that Ms. Lofton's IFP application is incomplete. She does not list her last date of employment as required by question 2(b), (IFP App. at 2), nor does she answer how she is paying her expenses despite not receiving any income, (*id.*). However, the Court takes notice of Ms. Lofton's IFP status in Case Nos. 22-782, 22-1335, 23-393 before this Court. Given the Court's findings in those cases and because this case must be dismissed on other grounds, the Court authorizes Ms. Lofton to proceed in this case without the prepayment of the required fees. 28 U.S.C. §§ 1914, 1915.

those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), however, pro se plaintiffs must still meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Ms. Lofton seeks a total of $2,120,000, accounting for "loss of parenting time" as well as "torture, body pain, headaches, failing a school course, and emotional distress" due to harassment from National Aeronautics and Space Administration ("NASA"), the Massachusetts Institute of Technology ("MIT"), and Tesla satellites. (Compl. at 2, 7). Ms. Lofton alleges that these entities "used satellites to stalk, harass, and do brain reading experiments" and used laser communications to defraud her "calworks payments." (*Id*. at 2). Ms. Lofton asserts her claim under 18 U.S.C. §§ 1510, 1512, alleging these entity actions amounted to the "frustration of the administration of justice," the obstruction of justice, and witness tampering. (*Id.* at 1–6). Ms. Lofton alleges a conspiracy involving Napa Valley Judge Elia Ortiz, officials in the Napa Valley police department, several South Napa shelter employees, and a Tesla employee. (*Id.* at 5). However, the Tucker Act only provides the Court with jurisdiction over claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Therefore, the relief sought against parties other than the United States is beyond the jurisdiction of this Court. *Id.* at 588. Ms. Lofton's claims against Judge Ortiz, members of the Napa Valley police department, South Napa shelter employees, and a Tesla employee are thus outside this Court's jurisdiction and must be dismissed.

The Court also lacks jurisdiction over Ms. Lofton's claims brought under 18 U.S.C. §§ 1510, 1512 because they pertain to a criminal statute that is not money-mandating. *See* § 1491(a)(1). It is well established that this Court lacks jurisdiction to hear criminal matters. *See Drake v. United States*, 792 F. App'x 916, 920, n.4, (Fed. Cir. 2019) (holding that this Court lacks jurisdiction to review criminal convictions); *Jones v. United States*, 655 F. App'x 839, (Fed. Cir. 2016) (affirming this Court's dismissal of a claim brought under criminal statutes). The Tucker Act itself does not provide an enforceable right against the United States. *Brooks v. United States*, 825 F. App'x 745, 748 (Fed. Cir. 2020). Rather, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* at 748 (internal quotations omitted). 18 U.S.C. §§ 1510, 1512 do not provide any such right to monetary damages; they criminalize obstruction of justice and witness tampering providing that such a crime is punishable by fine or imprisonment. Neither provides a right to monetary damages against the United States. *See Sanders v. United States*, 132 F. App'x 378, 379 (Fed. Cir. 2005) (affirming dismissal of 18 U.S.C. § 1510 claims for lack of jurisdiction). Because Ms. Lofton brings her claim under a criminal statute rather than a money-mandating statute, this Court has no jurisdiction.

To the extent that Ms. Lofton's remaining allegations such as "[c]ivil harassment using aircraft and Tesla satellites," (Compl. at 2), are based in tort, those would be "clearly outside the limited jurisdiction" of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1) (reciting only federal-law sources of rights and excluding cases "sounding in tort"); *see also Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the [Claims Court's] jurisdiction claims sounding in tort.").

For the stated reasons, Ms. Lofton's Complaint, (ECF No. 1), is **DISMISSED** for lack of subject-matter jurisdiction under RCFC 12(h)(3), and Ms. Lofton's Motion for Leave to Proceed *in forma pauperis*, (ECF No. 7), is **GRANTED**. The Clerk **SHALL** enter judgment accordingly. The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because, as alleged, Ms. Lofton's claims are outside the jurisdiction of this Court and incurable.

Federal courts have the inherent power to issue injunctions against the abuse of the judicial process, including by the repeated filing of meritless and vexatious pleadings. *Allen v. United States*, 88 F.4th 983, 986–89 (Fed. Cir. 2023). The Court finds that Ms. Lofton has engaged in vexatious litigation before this Court. *See Lofton v. United States*, 154 Fed. Cl. 195 (June 18, 2021), *aff'd*, Case No. 23-1632 (Fed. Cir. June 28, 2023) (complaint sounding in tort dismissed for lack of subject matter jurisdiction); *Lofton v. United States*, Case No: 1:22-cv-00782 (Fed. Cl. Oct. 28, 2022) (case sounding in tort dismissed for lack of subject matter jurisdiction), *aff'd*, Case No: 0:2023-01175 (Fed. Cir. May 3, 2023); *Lofton v. United States*, Case No. 1: 22-1335 (Fed. Cl. Nov. 18, 2022) (premature tax refund suit dismissed for lack of subject matter jurisdiction), *aff'd*, No. 2023-1181 (Fed. Cir. June 8, 2023); *Lofton v. United States*, Case No. 1:23-cv-00394 (Fed. Cl. May 5, 2023) (allegations of high frequency radio devices used by police to deprive parental rights dismissed for lack of subject matter jurisdiction); *Lofton v. United States*, Case No. 1:23-cv-00392 (Fed. Cl. June 12, 2023) (dismissed pursuant to RCFC 41(b)); *Lofton v. United States*, Case No. 1:23-cv-00393 (Fed. Cl. April 10, 2023) (request for restraining order against Tesla satellites and allegations of criminal conspiracy of elected officials dismissed for lack of subject matter jurisdiction); *Lofton v. United States*, Case No. 1:24-cv-00727 (Fed. Cl. June 4, 2024) (alleging a conspiracy to defraud the United States dismissed for lack of subject matter jurisdiction) (pending appeal No. 24-1959 (Fed. Cir. June 18, 2024)); *Lofton v. United States*, Case No. 1:24-cv-00922 (Fed. Cl. June 4, 2024) (pending); *Lofton v. United States*, Case No. 1:24-cv-00923 (Fed. Cl. June 4, 2024) (pending); *Lofton v. United States*, Case No. 1:24-cv-00927 (Fed. Cl. June 4, 2024) (pending).

Based on this pattern of frivolous filings, on or by **July 9, 2024**, Ms. Lofton is directed to **SHOW CAUSE** as to why she should not be subject to an **ANTI-FILING INJUNCTION** in this Court. *See Allen,* 88 F.4th at 988 (parties subject to anti-filing orders must be given notice of the injunction and an opportunity to be heard before the injunction is entered).

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge